# United States District Court
## Eastern District of California

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **BILLY G. TURNER** | Case Number: **5:05-cr-00003 TAG** |

David Wallin
Defendant's Attorney

## THE DEFENDANT:

[✓] pleaded guilty to count <u>One of the Superseding Information</u> .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:13 and CVC 23152(b) | Operating a Motor Vehicle with a Blood Alcohol Concentration greater than .08% | 4/8/2005 | One |

The defendant is sentenced as provided in pages 2 through <u>4</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✓] Count <u>Two of the Superseding Information</u> is dismissed with prejudice on the motion of the United States.

[ ] Indictment is to be dismissed by District Court on motion of the United States.

[✓] Appeal rights given.          [ ] Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/10/2006
Date of Imposition of Judgment

*/s/ Theresa A. Goldner*
Signature of Judicial Officer

THERESA A. GOLDNER, United States Magistrate Judge
Name & Title of Judicial Officer

8/15/2006
Date

CASE NUMBER:      5:05-CR-00003 TAG
DEFENDANT:        BILLY G. TURNER

Judgment - Page 2 of 4

# PROBATION

The defendant is hereby sentenced to <u>limited supervised probation</u> for a term of <u>24 months</u>.

**The defendant shall comply with the <u>standard five conditions</u>:**

1) The defendant shall not commit another federal, state, or local crime, and not illegally possess a controlled substance. Revocation of probation is mandatory for illegal possession of a controlled substance.

2) The defendant shall report, forthwith, to the probation officer and thereafter as directed.

3) The defendant shall answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.

4) The defendant shall notify the probation officer within 72 hours of any change in residence or employment and of any arrests, citations, or contact with law enforcement officers.

5) The defendant shall make payments on all financial obligations imposed by this judgment in installments as directed by the probation officer.

**The defendant shall comply with the following <u>special conditions</u>:**

1) The defendant shall serve 96 hours in custody pursuant to 18 USC 3563(b)(10).

2) As directed by the probation officer, the defendant shall enroll in and participate in an 18-month second offender DUI program at his own expense.

3) The defendant shall resolve all outstanding warrants within 60 days of the date of this judgment.

4) The defendant shall not operate a motor vehicle unless properly licensed and insured.

IT IS FURTHER ORDERED that the defendant, having been sentenced to custody, shall surrender to the institution designated by the Bureau of Prisons, or if no institution has been designated, to the United States Marshall at 2500 Tulare Street, Suite 3501, Fresno, California before 2:00 p.m. on September 21, 2006. The defendant is further advised it is a criminal offense punishable to consecutive term of imprisonment to fail to surrender for service of sentence pursuant to the Order of this Court.

| | |
|---|---|
| CASE NUMBER: | 5:05-CR-00003 TAG |
| DEFENDANT: | BILLY G. TURNER |

Judgment - Page 3 of 4

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ | $ 390.00 | $ |

[ ] The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS: | $ __ | $ __ | |

[ ] Restitution amount ordered pursuant to plea agreement $ __

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [✔] The interest requirement is waived for the     [✔] fine     [ ] restitution

  [ ] The interest requirement for the     [ ] fine  [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER:     5:05-CR-00003 TAG                                                                                              Judgment - Page 4 of 4
DEFENDANT:       BILLY G. TURNER

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  [✔]     Lump sum payment of $ __390.00__ due immediately.

      [ ]     not later than __ , or
      [ ]     in accordance with     [ ] C,   [ ] D,   [ ] E, or     [ ] F below; or

**B**  [ ] Payment to begin immediately (may be combined with     [ ] C,   [ ] D, or [ ] F below); or

**C**  [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [ ] Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [ ] Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States: